**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| DENNIS SMITHSON )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>LOWE'S HOME CENTERS, LLC, )<br>and )<br>UNKNOWN EMPLOYEE )<br>)<br>Defendants | CASE NO. <u>3:24-cv-739-RGJ</u><br><br>***ELECTRONICALLY FILED*** |

## NOTICE OF REMOVAL

Defendant, Lowe's Home Centers, LLC, by counsel, and without waiving any FRCP 12(b) affirmative defenses, hereby removes this action from Jefferson Circuit Court, in Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky pursuant to §§ 1332, 1441, and 1446 of Title 28 of the United States Code.

1.      Plaintiff, Dennis Smithson, commenced this action on July 2, 2024, by filing his complaint in the Jefferson Circuit Court, Civil Action No. 24-CI-04581.[1]

2.      Lowe's made a timely answer to the complaint.[2]

3.      The state court granted Plaintiff leave to file an amended complaint on November 26, 2024.[3] However, Plaintiff never filed the amended complaint following

---

[1] Exhibit 1: Complaint.
[2] Exhibit 2: Answer.
[3] Exhibit 3: State Court's November 26, 2024, Order.

1

the entry of the order.

4.     As a precaution to avoid any allegation of default, Lowe's filed an answer to the proposed amended complaint within ten days of the state court's order granting leave to amend.[4] However, Lowe's maintains that the original complaint filed in state court on July 2, 2024, remains the only operative pleading in this case.[5] Thus, the proposed amended complaint is not operative. Only the original complaint and original answer should be treated as operative pleadings.

5.     As reflected in the unchanged case caption of the November 26 order which simply "granted leave to file the First Amended Complaint", the state court does not appear to have recognized the proposed amended complaint to be properly filed, resulting in a failure to properly join any other parties by Plaintiff failing to follow through on the state court's order.[6]

6.     Plaintiff alleges that on August 2, 2023, he sustained an injury at a Lowe's store located in Louisville, Kentucky.[7]

7.     Pursuant to Kentucky state pleading rules, no specific dollar amount was pled in the complaint, and Plaintiff did not otherwise describe the severity of his injuries.

8.     Plaintiff answered requests for admission on December 11, 2024, wherein he denied that "the total amount in controversy in this matter does not now,

---

[4] Exhibit 4: Answer to Proposed Amended Complaint.
[5] *See Richerson v. Cahoe*, 2020 Ky. App. Unpub. LEXIS 469 at n. 3 (Ky. App. July 10, 2020) ("…the amended complaint was only tendered. It was not proper for the circuit court clerk to issue summonses in relation thereto until such time, if any, the circuit court directed the circuit court clerk to enter the amended complaint into the record and deemed it properly filed.").
[6] See Exhibit 3.
[7] Exhibit 1, Complaint at paragraph 4.

and never will, exceed $75,000, exclusive of interest and costs."[8]

9.      Plaintiff also denied that he would "never accept or ask a jury for damages in this matter exceeding $75,000, exclusive of interest and costs."

10.     Plaintiff's denials are implicit admissions that he considers the amount in controversy to be greater than $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

11.     Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

12.     Defendant Lowe's received Plaintiff's responses to requests for admissions on December 11, 2024, in which Plaintiff denied that the total amount in controversy did not exceed $75,000, exclusive of interest and costs, and further denied that she would not accept or ask a jury for damages exceeding $75,000, exclusive of interest and costs.[9]

13.     This notice of removal is timely because it is being filed on or before January 10, 2025, within 30 days since Lowe's received Plaintiff's responses (an "other paper") on December 11, 2024.

14.     Pursuant to 28 U.S.C. § 1446(c), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1

---

[8] Exhibit 5: Plaintiff's Responses to RFAs.
[9] Exhibit 5.

3

year after commencement of the action…."

15.   This notice of removal is timely because it is being filed less than one year after the commencement of the action on July 2, 2024.

## VENUE

16.   Venue for this removal action is proper as-captioned, pursuant to 28 U.S.C. § 1441 and Local Rules 3.1(b)(1) and 3.2(b) of the Joint Local Rules of Civil Practice because the Western District of Kentucky, Louisville Division, is the United States District Court for the district and division embracing the place wherein the state court action was pending.

## DIVERSITY OF CITIZENSHIP

17.   This is a civil action in which there is complete diversity of citizenship between plaintiff and defendant. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because it could have been filed in this Court under 28 U.S.C. § 1332.

18.   Plaintiff is an individual who is a citizen and resident of Kentucky.[10]

19.   Lowe's is and was at the time of the filing of the complaint a North Carolina limited liability company with a principal place of business in North Carolina.  Accordingly, Lowe's is not a citizen of Kentucky.[11]

20.   No other defendant has been properly joined and served as of the date of removal.

21.   Any defendant who the Court may hold to be joined by the proposed

---

[10] Exhibit 1, Complaint at paragraph 1.
[11] See Lowe's separately filed 7.1 disclosure statement.

amended complaint was fraudulently joined due to Plaintiff's failure to timely commence a cause of action against them, and those additional defendants do not affect the Court's diversity analysis.

22. Accordingly, Plaintiff is not a citizen of the same state as any properly joined and served Defendant. The parties are completely diverse.

## AMOUNT IN CONTROVERSY

23. While this case was pending in state court, Plaintiff was served with CR 36 requests for admissions.

24. These requests for admission asked Plaintiff to admit that the total amount in controversy did not exceed $75,000, exclusive of interest and costs, and that he would not accept or ask a jury for damages exceeding $75,000, exclusive of interest and costs.[12]

25. Plaintiff denied both of these requests for admissions.

26. Given the Plaintiff's denial that the amount in controversy is less than or equal to $75,000, the preponderance of available evidence indicates that the amount in controversy exceeds $75,000 exclusive of interests and costs, thereby satisfying the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. §1332(a).

## OTHER MATTERS

27. Pursuant to 28 U.S.C. § 1446(a), all other pleadings, process, and orders served on and by the removing defendants in the state action are attached as exhibits

---

[12] Exhibit 5.

to this notice of removal.[13]

28.    In compliance with 28 U.S.C. § 1446(d), notice of filing of this notice of removal is being filed with the Circuit Court for Jefferson County, Kentucky.

29.    Pursuant to Fed. R. Civ. P. 7.1, the corporate disclosure statement of Lowe's Home Centers, LLC, is separately filed contemporaneously with this notice.

30.    Defendant is serving all other parties with written notice of the removal of this action.

31.    This case is being removed subject to and without waiver of any challenges that Defendant may have as to any claims or defenses that may be available to it.

**FRAUDULENT JOINDER**

The Court should exclude from its diversity analysis all seven of the individual employee defendants that Plaintiff sought to add as parties in state court. The time to add defendants has expired, Plaintiff failed to timely seek discovery of these additional defendants' identities, and Plaintiff's motion to amend the complaint in state court was made in bad faith to attempt to destroy diversity and prevent removal to federal court based solely on speculation about these seven employees' involvement in Plaintiff's injuries.

Fraudulent joinder is a "judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287

---

[13] Exhibit 9: All other pleadings, process, orders served upon Defendant Lowe's.

(11th Cir. 1998)). This doctrine is used by courts "when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-Duncan Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). This doctrine was created to prevent plaintiffs from asserting claims against nondiverse defendants "for the sole purpose of preventing removal." *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956). If Ms. Seals's claim against Mr. Taylor has no hope of success, then the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Saginaw Housing Com'n,* 579 F.3d at 624 (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

Here, Plaintiff intends to add seven individuals who are current or former employees of Defendant Lowe's. However, the claims raised against them are time-barred, and the allegations against them fail to state a claim upon which relief can be granted. Because there is no opportunity for recovery against these individuals, they have been fraudulently joined, and the Court should exclude them from its diversity analysis and dismiss them from the case.

**A. Claims made against the new parties are untimely and futile.**

First, Plaintiff's claims against the seven individual employees named in the proposed amended complaint are objectively and plainly untimely. Plaintiff's proposed amended complaint alleges that Plaintiff's injury occurred on August 2, 2023.[14] Thus, an attempt to amend the complaint must have been made on or before

---

[14] Exhibit 6: Proposed Amended Complaint at ¶12.

August 2, 2024, in order for that amendment to be timely. Otherwise, Kentucky's one-year statute of limitations for bodily injury claims will bar the action. KRS 413.140(1)(a).

Here, Plaintiff moved to amend the complaint on November 21, 2024, more than three months after the statute of limitations had expired. Moreover, these seven individuals were named by Lowe's in discovery responses that were not served to Lowe's until July 24, 2024, only nine days prior to the statute of limitations expiring.[15] Plaintiff's dilatoriness in filing suit and serving discovery requests in state court ensured that he would not know the identities of these individuals until after the statute of limitations had expired. It is beyond dispute that the new allegations included in the proposed amended complaint are untimely. As such, Plaintiff has no ability to recover against the individually-named defendants.

Furthermore, the allegations in the proposed amended complaint are insufficient to state a claim against the individual employee defendants. For each employee, Plaintiff alleges as follows:

- One or more of the subject Defendant employees failed to follow safety protocol/procedures which was a substantial factor in causing the Plaintiff's injuries.[16]

- Plaintiff's resulting injuries and damages were caused and brought about by the negligence and carelessness of the Defendants in creating

---

[15] Exhibit 7: Plaintiff's discovery requests to Lowe's.
[16] Ex. 6 at ¶10.

8

and allowing unreasonably dangerous conditions to exist at the place and time of the above mentioned incident."[17]

- "The Defendants has an obligation/duty to stock merchandise in a safe manner. The Defendants failed to do so which contributed to the Plaintiff's injuries."[18]

As to the allegations in Paragraph 10, Kentucky does not recognize a claim of negligence per se for violations of internal policies. KRS 446.070 (requiring injury due to violation of "a statute"); *Flechsig v. U.S.*, 991 F.2d 300, 304 (6th Cir. 1993) (applying Kentucky state tort law and holding that there is no negligence per se claim for violation of internal policies, even when those policies are issued by a government agency).

As to the allegations in Paragraphs 13 and 15, Plaintiff made no allegation that he failed to receive an adequate warning of the condition that he alleges caused him injury. The duty to warn is an alternative duty to the duty to remedy unreasonable risks upon property that Plaintiff alleges here. *City of Barbourville v. Hoskins*, 655 S.W.3d 137, 141 (Ky. 2022) (the relevant duty in an invitee premises liability case is to "either eliminate or warn of" the unreasonable risk). Allegations in the answer not denied by the Plaintiff are taken as true on a motion for judgment on the pleadings. *KentuckyOne Health v. Reid*, 522 S.W.3d 193, 196 (Ky. 2017), and Lowe's answer states, "The state of the area upon which Plaintiff alleges he suffered an injury was a condition, open and obvious to Plaintiff sufficient to constitute a

---

[17] Ex. 6 at ¶13.
[18] Ex. 6 at ¶15.

warning to the Plaintiff."[19] Because Plaintiff's complaint does not contest that the duty to warn was fulfilled, Plaintiff's claims for breach by the individual employee defendants is insufficient and does not properly state a premises liability claim against them.

Plaintiff does not otherwise allege any duty that the non-land-owner employee defendants could possibly have breached. Accordingly, there is no cognizable claim raised against the individual defendants.

Courts should find fraudulent joinder when "there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Walker v. Philip Morris USA, Inc.*, 443 Fed. Appx. 946, 951 (6th Cir. 2011). Because the statute of limitations prevents any recovery from the individually-named defendants in the proposed amended complaint, the Court should find that those defendants were fraudulently joined. Otherwise, the Court should find fraudulent joinder due to failure of the Plaintiff to allege any breach of a duty owed to the Plaintiff by the individually-named defendants.

**B. No case was ever commenced against "Unknown Employee."**

Plaintiff may attempt to claim relation-back through "Unknown Employee," but a case was never commenced against "Unknown Employee" within the limitations period. *Schwindel v. Meade County*, 113 S.W.3d 159, 171 (Ky. 2003) ("We further note that not only was the action against the unknown defendants not commenced within the period of limitations, it was not commenced at all. CR 3 ("A civil action is

---

[19] Ex. 4 at Eleventh Defense.

commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith.); CR 4.05(e) (unknown defendant can be constructively served by warning order).").

Because Plaintiff did not seek a warning order against Unknown Employee, no action was ever commenced against Unknown Employee, and that entity should not enter the Court's diversity analysis and should be properly dismissed from the suit.[20] Without a properly commenced case against Unknown Employee, there is no party that can be "changed" as required by both the state and federal relation-back rules, and thus no opportunity for Plaintiff to claim relation-back to the Unknown Employee, regardless of whether relation-back could properly apply or not.

Because no case was ever commenced against Unknown Employee within the one-year limitations period, that entity should be excluded from the Court's diversity analysis and ultimately be dismissed as well.

### C. Relation-back does not apply.

Plaintiff is unable to avoid application of the statute of limitations against these seven individual defendants. If the federal court reaches this point in the analysis (by holding that the proposed amended complaint is the operative complaint), then the state rules of procedure will control the amendment. However, because the federal and state rules are functionally identical, the analysis is the same under each.

---

[20] Even if Plaintiff had timely commenced a case against Unknown Employee, *Nolph v. Scott*, 725 S.W.2d 860, 862 (Ky. 1987), holds that Plaintiff would then have to prove "actual notice" attributable to the discovered, real-person defendants.

CR 15.03's relation-back provisions do not apply because there was no mistake made concerning the identity of the proper party. CR 15.03(2)(b) states in relevant part:

> An amendment changing the party against whom a claim is asserted relates back if . . . within the period provided by law for commencing the action against him, the party to be brought in by amendment . . . (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The Court should note that, "the requirements of CR 15.03 are strictly construed against the plaintiff," *Cabrera v. JBS USA, LLC*, 568 S.W.3d 865, 875 (Ky. App. 2019), and relation-back is only available to a plaintiff "under limited circumstances." *Id.* Relation-back "applies only where the plaintiff has mistakenly sued the wrong party and the correct party 'knew or should have known' of that fact." *Id.* "Importantly, the mere failure to identify a potential defendant within the limitations period . . . is not the sort of mistake contemplated by [CR 15.03(2)(b)]." *Id.* at 875-76. Here, Plaintiff did not make any "mistake" regarding the identities of any party. Instead, he simply did not know who the parties were that he eventually joined to the action.

Additionally, Plaintiff's joinder of these seven individual defendants is not "an amendment *changing* the party against whom a claim is asserted," as CR 15.03 and FRCP 15(c) require. Instead, it is a bald-faced attempt to shoehorn an additional seven defendants into this case past the statute of limitations because Plaintiff wholly failed to identify them within the limitations period.

Thus, relation-back under CR 15.03 or FRCP 15(c) will not apply because there is no "change" of party being attempted here. *See e.g., DeBois v. Pickoff*, Case No. 3:09-cv-230, 2011 U.S. Dist. LEXIS 39041 (S.D. Ohio March 28, 2011) (Sixth Circuit requires a "one-for-one substitution" for relation-back under FRCP 15(c)) (distinction between addition of parties and substitution of parties recognized in *McNichols v. Lyons*, No. 3:17-CV-688-RGJ, 2023 U.S. Dist. LEXIS 139564 at *13-14 (W.D. Ky. Aug. 10, 2023), and in *Horn v. City of Covington*, 2015 U.S. Dist. LEXIS 85323 at *44-45 (E.D. Ky. July 1, 2015) ("With Horn's denial of medical care claim, he did not *add* the Kenton County Defendants and SHP; rather, he *substituted* them in place of the Covington Defendants. Indeed, Horn no longer names the Covington Defendants in his denial of medical care claim.")).

There is also no "identity of interest" between these parties and Lowe's, as Plaintiff argued in a recent state court filing. "The implied (not constructive) 'should have known' notice referred to in CR 15.03(2)(b), which gave rise to the 'identity of interest' exception, applies only when the plaintiff has *mistakenly* sued the wrong party and the right party 'knew or should have known' of that fact." *Seals v. Walmart*, 2019 U.S. Dist. LEXIS 70841, at *9 (Apr. 26, 2019) (citing *Schwindel v. Meade County*, 113 S.W.3d 159, 170 (Ky. 2003)) (emphasis in original).

In that state court filing (attached as Exhibit 8), Plaintiff admitted that "The Plaintiff could not have known the identity of the employees whose actions may have contributed to a hazardous condition on the premises, or who may have failed act because they knew o should have known of the condition. Plaintiff acknowledged [as

much] when 'Unknown Employees' were placed on the original Complaint."[21]

Federal courts in Kentucky have held that there can be no relation-back to unknown entities because "plaintiffs initially lacked knowledge of the proper defendants and elected to file their complaint against [unknown entities]. Because Rule 15(c)(3) applies only where there has been an error concerning the identity of the proper party rather than where, as here, there is a lack of knowledge of the proper party, the amended complaint in this case does not relate back to the filing of the initial complaint." *Ford v. Hill*, 874 F. Supp. 149, 154 (E.D. Ky. 1995). In other words, the inclusion of an unknown entity in the original complaint is an admission by Plaintiff that he lacked knowledge of the employees' identities and did not simply make a mistake in naming an incorrect party. "'Mere failure to identify a potential defendant within the limitations period . . . is not the sort of mistake contemplated by part (2)(b) of CR 15.03." *Reese v. General American Door Co.*, 6 S.W.3d 380, 383-84 (Ky. App. 1998).

Because Plaintiff did not make any "mistake" in naming an incorrect party, and he is not attempting to "change" any party through a substitution, relation back cannot apply, and the Court should conclude that the seven individually-named employee defendants which Plaintiff wished to add as parties will play no part in the Court's diversity analysis and will ultimately be dismissed from the suit in federal court.

---

[21] Exhibit 8: Plaintiff's December 20 filing in state court, at p.4.

Respectfully submitted,

STEPTOE & JOHNSON PLLC

*/s/ Jeremy Faulk*
Laura L. Mays
Alexys Bardonaro
Jeremy Faulk
100 West Main Street, Suite 400
Lexington, Kentucky 40507
859.219.8205 (t)
laura.mays@steptoe-johnson.com
alexys.bardonaro@steptoe-johnson.com
jeremy.faulk@steptoe-johnson.com
COUNSEL FOR DEFENDANT,
LOWE'S HOME CENTERS, LLC

15

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be mailed and emailed to the following on that same date:

Chauncey R. Hiestand
Joseph M. Longmeyer
905 Baxter Avenue
Louisville, KY 40204
crh@louisvillelawoffice.com
jml@louisvillelawoffice.com
*COUNSEL FOR PLAINTIFF*

*/s/ Jeremy Faulk*
COUNSEL FOR DEFENDANT