UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DENNIS SMITHSON                                                                                    Plaintiff

v.                                                                              Civil Action No. 3:24-cv-739-RGJ

LOWE'S HOME CENTERS, LLC, ET AL.                                             Defendants

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Dennis Smithson ("Smithson") moves to remand this action. [DE 5]. Defendant Lowe's Home Centers, LLC ("Lowe's) responded [DE 6], and Smithson replied [DE 7]. With prior permission [DE 9], Lowe's filed a sur-reply [DE 12]. This matter is ripe. For the reasons below, Smithson's Motion to Remand [DE 5] is **GRANTED**.

**I.      BACKGROUND**

On August 2, 2023, Smithson was injured at Lowe's located at 6651 Dixie Highway, Louisville, Kentucky, 40258. [DE 1-1 at 22]. Smithson asserts that his "injuries and damages were caused and brought about by the negligence and carelessness of the Defendants in creating and allowing unreasonably dangerous conditions to exist." [*Id*.]. This action was originally filed in Jefferson County Circuit Court, on July 2, 2024, against Defendants Lowe's and an "unknown employee." [*Id*.]. Lowe's answered the complaint on July 23, 2024. [DE 6-1 at 138].

After the commencement of discovery, on November 21, 2024, Smithson filed a motion to amend his complaint in Jefferson Circuit Court. [DE 1-6]. The amended pleading substituted the original "unknown employee" with Evan Tackett, Donald Trusty, Matthew Barnes, Christian Crespo, James Kaufman, David Wiseheart, and Nygel Cha-Kale Elliot (with Lowe's collectively

"Defendants"). [*Id*.]. The parties do not dispute that Kaufman, Wisehart, and Elliot are known residents of Kentucky.

The amended complaint asserts that Tackett, Trusty, Barnes, Crespo, Kaufman, Wiseheart and Elliot were "acting within the scope of [their] employment with Lowe's at the time of said incident." [DE 1-6 at 50]. However, like the original complaint, the amended complaint neither identifies what injuries Smithson received nor the events that took place that led to his alleged injuries. [*See id*.].

On November 25, 2024, the Jefferson Circuit Court held a hearing, at which the court granted Smithson's motion to amend and stated that "I am going to sign the order entering the amended complaint[.]" [DE 6-1 at 139]. The written order was filed November 26, 2024, which granted Smithson "leave to file the First Amended Complaint." [DE 1-3 at 32]. Lowe's answered the amended complaint on December 6, 2024. [*Id*.]. On December 9, 2024, Lowe's filed a "motion for misjoinder." [DE 6-1]. And on December 11, 2024, Smithson answered Lowe's requests for admission, which, in relevant part, stated:

> **REQUEST NO. 1:** Admit that the total amount in controversy in this matter does not now, and never will, exceed $75,000, exclusive of interest and costs.
> **ANSWER: Objection, as discovery in this case is in its infancy and the full value of Plaintiff's is not yet known. Without waiving said objection, Plaintiff must Deny.**
> **REQUEST NO. 2:** Admit that you will never accept or ask a jury for damages in this matter exceeding $75,000, exclusive of interest and costs.
> **ANSWER: Objection, as discovery in this case is in its infancy and the full value of Plaintiff's is not yet known. Without waiving said objection, Plaintiff must Deny**.

[DE 1-5 at 43]. Lowe's then moved to remove this case to federal court, on December 20, 2024. [DE 1 at 2, 3].

Lowe's asserts that the jurisdictional threshold is met because "[Smithson] denied that the total amount in controversy did does not exceed $75,000, exclusive of interest and costs, and further denied that she [sic] would not accept or ask a jury for damages exceeding $75,000, exclusive of interest and costs." [*Id*. at 3]. Lowe's also argues that the amended complaint was never filed, and therefore, there is diversity of citizenship because all the individual employee defendants that Smithson added as parties in state court are fraudulently joined.[1] [*Id*. at 6]. Lowe's contends that the individual employee defendants are fraudulently joined because (1) the claims against the new partis are untimely and futile, (2) no case was ever commenced against the unknown employee, and (3) relation-back does not apply to satisfy the statute of limitations. [*Id*. at 7-15]. In response, on December 23, 2024, Smithson filed a motion to remand, arguing that the amended complaint was filed on November 26, 2024, when Jefferson Circuit Court granted his request to amend. [DE 5 at 88-89].

## II.     STANDARD

Removal to federal court is proper in civil actions "brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Diversity jurisdiction gives district courts original jurisdiction over all civil actions where the amount in controversy requirement is met such that the claim in question exceeds $75,000.00, exclusive of

---

[1] Fed. R. Civ. P. 7.1 requires parties or intervenors in actions in which subject-matter jurisdiction is based on diversity under 28 U.S.C.A. § 1332(a) to file a Diversity Disclosure Statement unless the court orders otherwise. Fed. R. Civ. P. 7.1. The Diversity Disclosure Statement "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor." Fed. R. Civ. P. 7.1(a)(2). This requirement does not relieve a party from its obligation under Fed. R. Civ. P. 8(a)(1) to plead the grounds for jurisdiction, but it is instead "designed to facilitate an early and accurate determination of jurisdiction." Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment. Importantly, Limited Liability Companies ("LLC") are citizens of the states in which their members are citizens. Although Lowe's filed its Rule 7.1(a) disclosure [DE 3], it failed to adequately plead the grounds for jurisdiction in its notice of removal [DE 1]. However, Lowe's Home Centers, LLC, is wholly owned by its parent company, Lowe's Companies, Inc., which is a citizen of North Carolina.

3

costs and interest, and is between citizens of different states. 28 U.S.C. § 1332(a). A defendant removing a case has the burden of proving jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Determination of federal jurisdiction in a diversity case should be made at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000).

Generally, courts "conduct a fair reading" of the complaint to determine whether the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a). *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Because the plaintiff is "master of the claim," a claim explicitly less than the federal requirement will typically preclude removal. *Rogers*, 230 F.3d at 872 (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993)).

Two rules of Kentucky civil procedure complicate the question of proper removal to federal court regarding the amount-in-controversy threshold. First, Kentucky's Rules of Civil Procedure prohibit a plaintiff from making a specific demand for damages in his or her complaint. Ky. R. Civ. P. 8.01(2). In such cases, "the defendant may assert the amount in controversy in the notice of removal." *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571, at *2 (W.D. Ky. Dec. 21, 2018). And the defendant must establish by a preponderance of the evidence that the amount-in-controversy exceeds $75,000 at the time of removal. *Id.* (citing *Rogers*, 230 F.3d at 872).

Second, Ky. R. Civ. P. 54.03 states "[e]xcept as to a party against whom a judgment is entered by default for want of appearance, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." This enables a plaintiff to claim in his complaint an amount lower than the federal amount-in-controversy threshold but still seek and recover damages exceeding the amount prayed for. *Rogers*, 230 F.3d at 871. In such situations, the removing defendant must show that it is "more

likely than not" the plaintiff's claims meet the amount-in-controversy requirement at the time of removal. *Gafford*, 997 F.2d at 158.

### III.   ANALYSIS

When originally asked to admit whether he seeks more than the jurisdictional threshold, Smithson responded "[o]bjection, as discovery in this case is in its infancy and the full value of Plaintiff's is not yet known. Without waiving said objection, Plaintiff must Deny." [DE 1-5 at 43]. Smithson repeated this same answer when asked whether he would accept or ask the jury for more than $75,000. [*Id*.]. However, a refusal to stipulate below the jurisdictional minimum cannot satisfy the removal burden alone. *See*, *e.g.*, *Lobley v. Guebert*, No. 5:16-CV-202-TBR, 2017 WL 1091796, at *1 (W.D. Ky. Mar. 22, 2017) (holding that a response refusing to admit or deny that the amount in controversy exceeded the jurisdictional minimum, standing alone, was insufficient); *Stratton v. Konecranes, Inc.*, No. 5:10-CV-66-KSF, 2010 WL 2178544, at *3 (E.D. Ky. May 28, 2010) ("A refusal to stipulate, by itself, would not justify removal[.]"); *Davis v. BASF Corp.*, No. 03-CV-40198, 2003 WL 23018906, at *2 (E.D. Mich. Nov. 24, 2003) ("[I]f a defendant asks a plaintiff to stipulate that the damages are below the jurisdictional amount [and] if the plaintiff refuses to stipulate, the case cannot be removed based solely on this refusal." (citation omitted)). Therefore, Lowe's must point to more than just Smithson's denials to show by a preponderance of the evidence that the jurisdictional threshold is met. *See Lobley*, 2017 WL 1091796, at *1 (Stating that "Lobley's discovery response is too equivocal to demonstrate that more than $75,000 is in controversy[,]" when Lobley denied the defendant's request for admission, "due to lack of information. As of this moment we are currently receiving and calculating all lost wages, current medical bills, future medical bills, [permanent] impairment, as well as pain and suffering. A final total has not yet been calculated.").

As Lowe's is the removing party, it has the burden to prove that the jurisdictional threshold has been met at the time of removal. *See Wilson*, 257 U.S. at 97. Although Smithson refused to admit that his claims would not exceed $75,000 in response to the requests for admission, and that he refuses to seek more than $75,000, this alone is insufficient evidence to sustain removal. *See Lobley*, 2017 WL 1091796, at *1. Lowe's has failed to cite to anything in the record that proves by preponderance of the evidence that the jurisdictional threshold has been met at this time and has failed to provide any additional evidence of the amount in controversy. [*See e.g.*, DE 1; DE 1-1; DE 1-6]. Because the jurisdictional threshold is not met, this Court lacks jurisdiction, and Smithson's Motion to Remand [DE 5] must be **GRANTED**.

## CONCLUSION

Accordingly, the Court, having considered the parties' motions and related filings and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Smithson's Motion for Remand [DE 5] is **GRANTED**;

(2) The case is **REMANDED** to Jefferson Circuit Court.

April 17, 2025

Rebecca Grady Jennings, District Judge
United States District Court

Cc: Jefferson Circuit Court, Case No. 24-CI-04581